2004 OK 44

In the Matter of the REINSTATEMENT OF Scott L. TULLY, to Membership in the Oklahoma Bar Association and to the Roll of Attorneys.

No. 4804.

Supreme Court of Oklahoma.

June 8, 2004.

Stephen H. Foster and R. Lawrence Roberson, Bristow, OK, for Petitioner.

Loraine Dillinder Farabow, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, OK, for Respondent.

HARGRAVE, J.

¶ 1 Petitioner, Scott L. Tully, was admitted to the Oklahoma Bar Association (OBA) in September, 1990. Tully has not been disbarred from the Oklahoma Bar Association or any other state or federal Bar and has not resigned pending investigation or disciplinary proceeding by the Oklahoma Bar Association or any other state or federal Bar. Tully seeks reinstatement from the discipline imposed in *State ex rel. Oklahoma Bar Ass'n v. Tully,* 2000 OK 93, 20 P.3d 813. In that matter this Court in its opinion for suspension found:

Respondent did purposely deprive his client of money by way of deceit and fraud. This fraud and deceit propels the Respondents actions beyond the level of simple conversion and into the realm of misappropriation.

*State ex rel. Oklahoma Bar Ass'n v. Tully* 2000 OK 93, ¶ 19, 20 P.3d 813. However, it was shown the clients had neither suffered any damages, monetary or otherwise, nor had they been deprived of adequate counsel.

¶ 2 Prior to Tully's suspension, in August of 1999, Tully pled "No Contest" to one count of Felonious Possession of a Controlled Dangerous Substance and one misdemeanor count of Carrying a Concealed Weapon. In October 1999, Tully was sentenced and placed on probation with a two-year deferral until October 2001. Probation conditions included submitting to random urinalysis checks, attending Alcoholics Anonymous and Narcotics Anonymous meetings, performing 100 hours of community service within six months and attending an Anger Management Course. Tully successfully completed the supervised probation imposed as a condition of

his deferred sentence on the criminal charges. The reduced charge of Felonious Possession of a Controlled Dangerous Substance was dismissed on successfully completing the deferred sentence leaving him convicted of the misdemeanor charge of Carrying a Concealed Weapon.

¶ 3 Tully also continued in outpatient treatment to address his drug and alcohol addictions including attendance at AA and Lawyers Helping Lawyers meetings. Tully has additionally met all financial obligations to the Bar. He has kept current on his continuing legal education and has by all accounts not engaged in the unauthorized practice of law during the term of his suspension, but has rather worked as a legal assistant and a claims adjuster.

¶ 4 This Court exercises original and exclusive jurisdiction in Bar reinstatement proceedings. *In re Reinstatement of Brown*, 1996 OK 95, ¶ 14, 925 P.2d 44, 49. Although the PRT's recommendations are afforded great weight, they are advisory only, inasmuch as this Court exercises de novo review. *Id.*

¶ 5 Rule 11.4 of the Rules Governing Disciplinary Proceedings, Okla. Stat. Tit. 5, ch. 1, app. 1–A (1991) (RGDP), sets out the standards for reinstatement. Rule 11.4 states:

> An applicant for reinstatement must establish affirmatively that, if readmitted or if the suspension from practice is removed, the applicant's conduct will conform to the high standards required of a member of the Bar. The severity of the original offense and the circumstances surrounding it shall be considered in evaluating an application for reinstatement. The burden of proof, by clear and convincing evidence, in all such reinstatement proceedings shall be on the applicant. An applicant seeking such reinstatement will be required to present stronger proof of qualifications than one seeking admission for the first time. The proof presented must be sufficient to overcome the Supreme Court's former judgment adverse to the applicant. Feelings of sympathy toward the applicant must be disregarded....

¶ 6 Rule 11.5 of the RGDP requires the PRT to make specific findings regarding (1) "[w]hether or not an applicant possesses the good moral character which would entitle him to be admitted to the Oklahoma Bar Association", (2) "[w]hether or not an applicant has engaged in the unauthorized practice of law during the period of suspension," and (3) "[w]hether or not an applicant possesses the competency and learning in the law required for admission to practice law in the State of Oklahoma.....

¶ 7 The PRT in the instant case is of the opinion that Mr. Tully does in fact possess the proper moral character to be admitted to the Bar. They found that Mr. Tully has kept abreast of the law by attending continuing legal education seminars and by reading the Bar journal, and presently possesses the competency and learning in the law necessary for admission. The PRT noted that Tully has paid all dues owed to the Oklahoma Bar Association in full. The Tribunal also found that Mr. Tully had not engaged in the unauthorized practice of law, and the PRT concluded that there was no evidence that Tully conducted himself inappropriately during his suspension, including Tully's applications for employment and his application for his insurance adjuster's license. The PRT also found that Mr. Tully was remorseful for his past wrongs and they noted that witnesses stated that Tully had reformed his lifestyle and had demonstrated a commitment to programs to assist him in overcoming his previous drug addiction.

¶ 8 The Oklahoma Bar Association presented evidence regarding Tully's applications for employment and an insurance adjuster's licence. The PRT reviewed this information and concluded that there was no evidence that Tully conducted himself inappropriately during his suspension. Tully had shown on various job applications that he had been working as a "legal consultant" with various employers during his suspension. The Bar argues that there is a wide distinction between a legal consultant and a legal assistant. Neither title purports Tully to be a licensed attorney. We find this argument to be without merit. No evidence was shown that Tully at any time during his suspension engaged in the unauthorized practice of law, or held himself out to these potential employers as a licensed attorney.

¶ 9 The Bar also introduced evidence that during Tully's suspension, Tully maintained a website at LawGuru.com, a website that promotes lawyers' services. Tully testified that he had contacted LawGuru.com upon his suspension requesting deletion of his listing and that he was surprised that he was still listed on the website. Tully testified that he had not accepted any business from this posting and in fact did not even realize it was still in existence. We find Tully's explanation to be satisfactory, and since there is no evidence that he engaged in unauthorized practice, find this oversight harmless.

¶ 10 Finally, the Bar claims that on various applications, Tully misrepresented his criminal history. Tully had been charged with a felony and a misdemeanor; received a deferred sentence and successfully completed the terms of the sentence. Tully was under the impression that both charges had been expunged. He also testified that when his current employer did a background check, the gun conviction did show up on his record and he discussed that conviction with Farmers and they were aware of that conviction.

¶ 11 The evidence presented to the Professional Responsibility Tribunal and to this Court clearly and convincingly demonstrates that Tully has met the mandatory provisions of Rule 11.5 of the Rules Governing Disciplinary Proceedings. The Oklahoma Bar Association has also moved that costs of this proceeding be assessed against the Respondent, and the Respondent is ordered to pay such costs, totaling $938.03. Payment shall be made within ninety (90) days from the date this opinion becomes final.

**PETITIONER REINSTATED; ORDERED TO PAY COSTS IN THE AMOUNT OF $938.03 WITHIN NINETY DAYS OF THE DATE THIS OPINION BECOMES FINAL**

¶ 12 CONCUR: WATT, C.J., LAVENDER, KAUGER, BOUDREAU, WINCHESTER, EDMONDSON, JJ.

¶ 13 DISSENT: OPALA, V.C.J.